UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────X

ANN BURTON,

              Plaintiff,

    - against -

USA; PRESIDENT BIDEN; KAMALA HARRIS;[1]
ALL USA REPS; MAYORS; GOVERNORS,

              Defendants.
─────────────────────────────────────────X

MEMORANDUM
AND ORDER
21-CV-6238 (LDH)(LB)

BRIAN M. COGAN, United States District Judge:

    On November 1, 2021, plaintiff Ann Burton filed this *pro se* action against the United States, President Joe Biden, Vice President Kamala Harris, members of United States House of Representatives, and all the mayors and governors in the United States. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 but for the reasons set forth below, the action is dismissed in its entirety.

## BACKGROUND

    Plaintiff, purportedly on behalf of herself and "Allah/God/Jehova," files this action against the United States and hundreds of federal and state elected officials. Her complaint alleges, in its entirety:

> Pl[ain]t[if]fs of 500+years have had all rights denied on the basis of race, color, creed, reprisal, kidnappings, non[-]citizenship, partial citizenship, whistleblowing, inhumane treat by disfunction White USA global acts and threats of intimidation;
>
> Plaintiffs prays for orders of protection, freedom from sexploitation/sex slavery, extermination, experimentation, concentration prison camps, globally perpetuated since whites settled in America.

---

[1] The Court has corrected the spelling of the Vice President of the United States, Kamala Harris.

> Pl[ain]t[if]fs pray(s) for financial reimbursements/settlements to be determined, and for the Court to move Def[endan]ts to cease and desist domestic terrorism immediately.

Comp. at 1-2.

**Plaintiff's Litigation History**

Plaintiff is no stranger to this Court. In 2010-2011, she filed thirteen actions against her former employers, her union, an employment agency, and individuals associated with these defendants. *Burton v. Shinseki*, No. 10-cv-5318; *Burton v. American Federation of Government Employees et al.*, No. 11-cv-1416; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-1417; *Burton v. White Glove Placement, Inc. et al.*, No. 11-cv-1649; *Burton v. Shinseki et al.*, No. 11-cv-2030; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-2757; *Burton v. New York Police Department et al.,* No. 11-cv-4071; *Burton v. White Glove Placement, Inc. et al.,* No. 11-cv-4072; *Burton v. United Stated Equal Employment Opportunity Commission et al.,* No. 11-cv-4074*; Burton v. State Education Dept. et al.,* No. 11-cv-4218*; Burton v. N.Y.S. Department of Labor et al.,* No. 11-cv-4274*; Burton v. City of New York et al.,* No. 11-cv-5345*; Burton v. Civil Court of the City of New York et al.,* No. 11-cv-5606. Although the actions principally alleged employment discrimination, they also alleged that various individuals have entered her apartment, removed, and returned documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed.

Recently, plaintiff filed an action against the Office of Professional Management, a federal agency, seeking the reconciliation of her pension account and disbursement of pension funds. *Burton v. Office of Professional Management,* No. 21-cv-5323 (LDH). In that action, she also alleges that reprisals for her unspecified whistle-blowing activity include "being kidnapped,

2

hypo-programmed sex slave, raped, sodomized daily . . . torture, extermination, starvation person" and that she has alerted federal officials to these reprisals.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

This complaint is frivolous and delusional. A court may dismiss a claim as "factually frivolous" only if the sufficiently well-pleaded facts are "clearly baseless" – that is, if they are

3

"fanciful," "fantastic," or "delusional." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (internal quotations omitted). An action is deemed frivolous as a matter of law when, *inter alia,* it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In *Denton v. Hernandez,* the Supreme Court noted that the *in forma pauperis* statute, unlike Rule 12(b)(6) of the Federal Rules of Civil Procedure, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 504 U.S. at 32–33 (internal quotations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Burton's allegations rise to the level of the irrational; they are premised on her belief that the defendants are responsible for, among other things, her "sexploitation/sex slavery, extermination." Her allegations are fantastic and "wholly incredible," *Denton*, 504 U.S. at 33; *Samuel v. Bloomberg,* No. 13–CV–6027, 2013 WL 5887545, *1 (E.D.N.Y. Oct. 31, 2013) (dismissing frivolous *pro se* complaint explaining "[p]laintiff's allegations – even under the very liberal reading we accord *pro se* pleadings (and even if plaintiff himself believes them to be true) – can only be described as delusional and fantastic"), and her claims are factually frivolous and without any legal basis. *Denton*, 504 U.S. at 33; *Mecca v. U.S. Government,* 232 F. App'x 66, 66–67 (2d Cir. 2007) (affirming district court dismissal of complaint that was "replete with

4

fantastic and delusional scenarios.") (internal quotations omitted). As the complaint is frivolous, the action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court has considered affording plaintiff an opportunity to amend the complaint. However, because the complaint is based on a fanciful factual scenario that could not be cured by amendment, it concludes that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). It is important that the Court and defendants not be required to expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 9:06-CV-1424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

## FILING INJUNCTION WARNING

The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram,* 498 U.S. 177, 179–180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (The ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit."). The Second Circuit has held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). However, it is the

"[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

As set forth above, plaintiff has a protracted litigation history in this Court. The Court takes this opportunity to warn her that it will not tolerate frivolous litigation and that if she persists in filing frivolous or vexatious actions, the Court may enter an Order, after notice and an opportunity to be heard, barring the acceptance of any future *in forma pauperis* complaint for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *see e.g., In re Martin-Trigona*, 9 F.3d at 227-29; *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d at 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.") (internal quotations and citations omitted).

## CONCLUSION

Accordingly, the action is dismissed as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), and plaintiff is warned against future frivolous or vexatious fillings**.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

The Clerk shall also send a copy of this order to plaintiff by mail, and to note the mailing on the docket.

SO ORDERED.

Digitally signed by Brian M. Cogan

_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
April 12, 2022